# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRYSTAL ENNIS AND DAVID ENNIS<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC., et al.<br><br>Defendants. | Civil Action Law<br><br>NO.<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT'S, WAL-MART STORES EAST, L.P., NOTICE OF REMOVAL

Defendant, Wal-Mart Stores East, L.P., (improperly designated as Wal-Mart Stores, Inc.), (hereinafter "Wal-Mart"), by and through its undersigned attorneys, hereby gives Notice of the Removal to this Court of state civil action pending in the Superior Court of New Jersey, Camden County, pursuant to 28 U.S.C. §1441(a) and (b) and in support thereof avers as follows:

1. A Civil Action has been brought against Wal-Mart by the Plaintiffs and is pending in the Superior Court of New Jersey, Cumberland County, Docket No. L-001253-07. A copy of Plaintiffs' Complaint is attached hereto and marked as Exhibit "A."

2. The State Court wherein this action was originally filed is located in Cumberland County, New Jersey, which is embraced within this jurisdictional district.

3. Removal from the Camden County Superior Court is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if "none of the parties of interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

4. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set

forth below.

5.  Plaintiffs allege that they are citizens of the State of New Jersey and reside at 1916 Bessie Way, Millville, New Jersey 08332.

6.  At all times relevant hereto, (including on December 23, 2005), Wal-Mart Store #2109 has been owned and operated by Wal-Mart Stores East, L.P. The employees working at that store are and have been employed by Wal-Mart Stores East, L.P.

7.  Wal-Mart Stores East, L.P. is, (and was as of December 23, 2005), a limited partnership established under Delaware law, with its principal place of business in Arkansas. Its sole general partner is WSE Management, LLC, and its sole limited partner is WSE Investment, LLC.

8.  WSE Management, LLC is, (and was as of December 23, 2005), a Delaware limited liability corporation with its principal place of business in Arkansas. Its sole member is Wal-Mart Stores East, Inc.

9.  WSE Investment, LLC is, (and was as of December 23, 2005), a Delaware limited liability corporation with its principal place of business in Arkansas. Its sole member is Wal-Mart Stores East, Inc.

10. Wal-Mart Stores East, Inc. is, (and was as of December 23, 2005), a Delaware corporation with its principal place of business in Arkansas. It is a wholly-owned subsidiary of Wal-Mart Stores, Inc.

11. Wal-Mart Stores, Inc. is, (and was as of December 23, 2005), a Delaware corporation with its principal place of business in Arkansas.

12. Consequently, as of December 23, 2005, Defendant Wal-Mart Stores East, L.P., and each of its corporate parents, are Delaware corporations with their principal places of

business in Arkansas.

13. Wal-Mart was served with a copy of Plaintiffs' Complaint on or about December 31, 2007. This Notice of Removal is filed within thirty (30) days thereof.

14. Plaintiffs alleges that on December 23, 2005, Crystal Ennis was a patron of the Wal-Mart Store located in Millville, New Jersey, (Store #2109) and that "Crystal Ennis, the plaintiff, was caused to slip and fall over a steel ladder when she was purchasing wrapping paper..." Exhibit A, ¶ 3.

15. Plaintiffs further allege that "At the time and place aforesaid, the defendant, Wal-Mart Stores, Inc., was negligent in the supervisory maintenance, repair, and general safekeeping of the store and allowed and/or permitted to exist certain hazardous and dangerous conditions." Exhibit A, ¶ 4.

16. Plaintiffs further allege that "As a result of the aforesaid negligence, the plaintiff, Crystal Ennis, sustained severe personal injuries of both a permanent and temporary nature and has been and will in the future be forced to endure great pain and suffering, and has been and will be in the future forced to incur medical expenses in the care and treatment of said injuries and has been and will in the future be unable to continue with her normal course of activities." Exhibit A, ¶ 6.

17. Plaintiff, David Ennis, has asserted a loss of consortium claim against Wal-Mart.

18. Plaintiffs demand judgment against Wal-Mart " in a sum which will reasonably compensate her for the injuries and damages sustained together with interest and costs of suit." Exhibit A, Wherefore Clause.

19. Because Federal jurisprudence on the issue of removal permits a plaintiff to voluntarily limit his claim to avoid removal, on January 3, 2008, Defense Counsel contacted

Plaintiffs' Counsel, via letter, and informed Plaintiffs' Counsel of Wal-Mart's intention to Remove this matter to the District Court by January 11, 2008, if Plaintiffs were unwilling to enter into an Stipulation of Damages of less than $75,000. To date, Plaintiffs has not entered into said Stipulation of Damages. A copy of said letter is attached hereto as Exhibit "B."

20. Prior to filing suit, Plaintiffs' Counsel provided Wal-Mart's third-party claims adjuster, Claims Management, Inc., ("CMI"), with Plaintiff, Crystal Ennis', medical specials and a "Settlement Brochure." The Settlement Brochure provided by Plaintiffs' Counsel asserts that the Plaintiff, Crystal Ennis, sustained the following injuries as a result of the incident: Herniated disc C3-4 with impingement, herniated disc C4-5, cervical strain and sprain, thoracic strain and sprain, bulging disc L4-5, bulging disc L5-S1, lumbosacral stain and sprain, occult fracture left knee, probable tear posterior horn meniscus, cephalgia, chest contusion and an abrasion of the left knee. A copy of Plaintiffs' Counsel's cover letter and Settlement Brochure are attached hereto as Exhibits "C" and "D."

21. According to the Settlement Brochure, Plaintiff, Crystal Ennis, sustained permanent scarring to her neck and her prognosis remained guarded. Further, the Settlement Brochure listed Plaintiff's medical bills in the amount of **$61,107.12**. Exhibit D, page 4

22. Based on the foregoing, the requirements of 28 U.S.C. §1441(a) and (b) and 1332 have been satisfied and the within matter is properly removable.

**WHEREFORE,** Defendant, Wal-Mart Stores East, L.P., respectfully requests that the State Action be removed from the Superior Court of New Jersey, Cumberland County to the United States District Court for the District of New Jersey.

                                                                **McDONNELL & ASSOCIATES, P.C.**

DATED: January 11, 2008      By:     *Robert M. Dunn* (signature)

                                                                Robert M. Dunn, Esquire
                                                                500 Route 70 West
                                                                Cherry Hill, NJ 08002
                                                                (856) 429-5300
                                                               **Attorneys for Defendant,**
                                                                **Wal-Mart Stores East, L.P.**

## **VERIFICATION**

I, ROBERT M. DUNN, ESQUIRE, am an attorney at law who represents Defendant, Wal-Mart Stores East, L.P., (improperly plead as "Wal-Mart Stores, Inc."), in this matter and make this Verification pursuant to Rule 1024(c)(2) in that defendant is out of the jurisdiction of the Court and the Verification of the Notice of Removal cannot be obtained within the time allowed for filing the within Notice.

_____
ROBERT M. DUNN, ESQUIRE

Dated: January 11, 2008